887 F.2d 1079
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff-Appellee,
v.
Randy E. NEWMAN, Defendant-Appellant,
and
Sharon Gayle Newman; the Estate of Manley E. Newman, Defendants.
 No. 89-1010.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 11, 1989.
Decided: Sept. 25, 1989.
 
 James H. Hodges (Goldsmith, Folks, & Hodges), on brief, for appellant.
 Heyward E. McDonald (McDonald, McKenzie, Fuller, Rubin & Miller), on brief, for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Randy E. Newman appeals from a judgment entered on a verdict in favor of The Hartford Accident and Indemnity Company. The jury awarded $143,936.96 in a suit brought by Hartford to recoup money it previously paid to Newman under a fire insurance policy. The jury found that Newman had filed a fraudulent claim for fire damage to property he owned in South Carolina. We affirm. Newman makes two assignments of error. First, he argues that the district court committed reversible error by refusing him leave to amend his pleadings some 13 months after this action was initiated by Hartford. Second, he argues that he suffered prejudice because certain written materials, which were not in evidence, were inadvertently submitted to the jury.
 
 
 2
 We reject both of these assignments of error. Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. The rule, as it applies to this case,[1] permits a party to amend its pleadings only by written consent of the adverse party or "by leave of the court ... and leave shall be freely given when justice so requires." It is Newman's contention that the district court failed to comply with the broad language of the rule when it denied him the opportunity to amend his pleadings.
 
 
 3
 The Supreme Court has interpreted this portion of the rule in Foman v. Davis, 371 U.S. 178 (1962). There, the Court stated that although leave to amend should ordinarily be granted, the decision to grant or deny leave is one "within the discretion of the District Court," provided that a denial is accompanied by a "justifying reason." 371 U.S. at 182. The Court listed several reasons that would support a denial, including undue delay, bad faith on the part of the movant, and the futility of an amendment. 371 U.S. at 182.
 
 
 4
 In this instance, the district court concluded that Newman's proposed amendment was sufficiently futile to warrant a denial under Rule 15(a). The record indicates that the district court acted well within its discretion. Newman's amendment alleged a meritless defense to Hartford's action based on the supposed res judicata effect of the dismissal of an action by Newman against Hartford. Dismissal was based on an earlier settlement agreement between the parties in which Newman exonerated Hartford. Newman's fraud in procuring the settlement and dismissal bars his plea of claim preclusion. See 18 C. Wright and A. Miller, Federal Practice and Procedure Sec. 4406 at 46 (1981).
 
 
 5
 Federal Rule of Civil Procedure 61 controls the accidental submission to a jury of written materials not in evidence. Rule 61 provides that no error "by the court or by any of the parties" shall be the ground for a new trial "unless the refusal to take such action appears to the court inconsistent with substantial justice." The parties agree that submitting the materials to the jury was an unintentional error. The materials consisted of documents which describe Newman's separation from his wife and make reference to a previous lawsuit between Newman and Hartford. Newman's motion to amend his pleadings and a supporting memorandum were also among the documents. The district court found that the documents were not significantly prejudicial to Newman nor relevant to the underlying issues of the suit. Our review of the record bears this conclusion out and leads us to agree with the district court that the refusal to grant a new trial was not inconsistent with "substantial justice." Cf. United States v. Barnes, 747 F.2d 246, 250-51 (4th Cir.1984). Accordingly, we affirm the district court's judgment.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Because Newman sought to amend his pleadings long after this law suit was calendared for trial and more than 20 days after his pleadings were served on Hartford, the first sentence of Rule 15(a) does not apply to his motion